UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, Series 2005-D, Asset Backed Pass-Through Certificates, agent of New Century Home Equity Loan Trust,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLAKE STREET AND LANDSCAPE MAINTENANCE ASSOCIATION, *et al.*,<br><br>Defendant. | Case No. 2:17-cv-002412-KJD-VCF<br><br>ORDER |

Presently before the Court is Defendant Timberlake Street and Landscape Maintenance Association's Motion for Summary Judgment (#26). Plaintiff filed a response in opposition (#27) to which Defendant replied (#28).

I. Background

On or about December 19, 2003, the subject property in this action was purchased by Michael R. LaPointe and Kimberly J. LaPointe ("LaPointe"). To finance the purchase, LaPointe obtained a loan from Home123 Corporation in the amount of $400,000.000, which was evidenced by a note and secured by a deed of trust ("the Senior Deed of Trust"). The Senior Deed of Trust was assigned to Plaintiff Deutsche Bank on November 23, 2009.

On July 2, 2010, Defendant Timberlake Street ("Timberlake"), through its agent Defendant Hampton & Hampton Collections, LLC ("HHC"), recorded a notice of delinquent assessment lien. Per the notice, the amount due to Timberlake was $870.68. On August 13, 2010, HHC on behalf of Timberlake recorded a notice of default and election to sell under homeowners' association lien. On October 14, 2010, Defendant Timberlake, through its agent HHC, recorded a notice of rescission of delinquent assessment lien and notice of default.

1       On July 25, 2011, Defendant Timberlake, through its agent Defendant HHC, recorded a
2   notice of delinquent assessment lien. Per the notice, the amount due to Timberlake was
3   $1,100.00. On September 1, 2011, HHC on behalf of Timberlake, recorded a notice of default
4   and election to sell under homeowners' association lien. The notice of default stated the amount
5   due was $1,900.00, but did not specify which portion of the amount was for late fees, collection
6   fees, and interest. The notice of default did not specify the "super-priority" amount.
7       On April 8, 2013, Timberlake, through its agent HHC, recorded notice of foreclosure
8   sale. The notice of foreclosure sale identified the amount due as $3,143.00. Timberlake, through
9   its agent HHC, conducted its foreclosure sale on May 23, 2013. The sale price at the foreclosure
10  sale was $18,000.00.
11      Plaintiff filed the present action on September 14, 2017, asserting seven claims against
12  Timberlake and HHC: (1) negligence; (2) negligence per se; (3) breach of NRS § 116.113; (4)
13  misrepresentation; (5) breach of covenant of good faith and fair dealing; (6) wrongful/defective
14  foreclosure; (7) unjust enrichment. The first six of those seven claims were dismissed on July 20,
15  2018. Defendants have now moved to dismiss the seventh cause of action for unjust enrichment
16  asserting that the statute of limitations ran before Plaintiff filed the present action.

17  II. Standard of Law

18      The purpose of summary judgment is to avoid unnecessary trials by disposing of
19  factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986);
20  Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available
21  only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ.
22  P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary
23  judgment. First, the moving party must demonstrate the absence of a genuine issue of material
24  fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine
25  factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587
26  (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to]
27  return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
28  (1986). The Court views the evidence and draws all available inferences in the light most

favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

III. Analysis

When a homeowner's association has availed itself of its right to foreclose on a lien for unpaid assessments and other expenses, Nevada Revised Statute ("NRS") § 116.31164 governs the disbursement of the proceeds of the sale. Here, Deutsche Bank maintains an action for unjust enrichment based on the foreclosure agent's failure to disburse proceeds arising from foreclosure of an HOA lien. Accordingly, the Court finds that Defendants' liability is based upon a liability created by statute and is governed by NRS 11.190(3)(a) (requiring an action to be brought within three (3) years).

The foreclosure sale in this action occurred on May 23, 2013. On May 31, 2013, Defendant Hampton & Hampton sent Plaintiff notice that it was holding surplus funds to which Plaintiff may have been entitled.[1] Plaintiff did not file this action until September 14, 2017. Even if the time were tolled during the pendency of Plaintiff's mediation action before the Nevada Real Estate Division, Plaintiff did not file that complaint until December 15, 2016, three years and seven months after it had notice of excess funds. Therefore, the Court must dismiss the remaining claim for unjust enrichment.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Timberlake Street and Landscape Maintenance Association's Motion for Summary Judgment (#26) is **GRANTED**;

///
///
///
///

---

[1] The Court finds it doubtful that the letter complies with the statute's requirement that the person conducting the sale apply the proceeds to lienholders in order to satisfy claims of record. See Nev. Rev. Stat. § 116.31164(7)(b)(4). Further, if the Court were considering the claim on its merits, it would not shield Timberlake from the actions of its agent, Hampton & Hampton Collections, LLC.

1   IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for
2   Defendants and against Plaintiff;
3   IT IS FURTHER ORDERED that the Clerk of the Court close this case.
4   Dated this 5th day of March, 2020.

                                                Kent J. Dawson
                                              United States District Judge